THE GOLD AND STOCK TELEGRAPH COMPANY, RESPONDENT, *v.* ELLIOTT W. TODD AND LOUIS L. TODD, APPELLANTS.

*Contract of a telegraph company with its subscriber — when a prohibition therein against the publication by the subscriber of information obtained thereby, will be enforced by injunction.*

The plaintiff was incorporated under the act of 1848, providing for the incorporation of telegraph companies; its business being to procure each day, from the various exchanges in the city of New York, the prices and quotations of the various articles there sold, and transmit them to customers agreeing to receive and pay therefor. The subscription agreement provided, that no subscriber should sell or give away copies of the reports, in whole or in part, nor permit any outside party to copy them for use or publication.

In an action brought against a subscriber, for having violated this provision by furnishing such quotations, for publication, and by allowing others to use the same, *held*, that an injunction restraining him from making such use of the quotations so furnished was properly granted.

APPEAL from an order continuing an injunction restraining the defendants from using certain quotations, furnished to them by the plaintiff, in violation of the terms of a contract between the parties.

*Luther R. Marsh & James Thompson*, for the appellants.

*G. W. Soren*, for the respondent.

*Per Curiam:*

The plaintiff is a corporation created and existing under and by virtue of an act of the Legislature of the State of New York, entitled "an act to provide for the incorporation and regulation of telegraph companies," passed April 12, 1848 (chap. 265), and of the several acts additional thereto, and amendatory thereof.

The business of the plaintiff consists in procuring each day from the gold, cotton, stock and produce exchanges, in the city of New York, the prices and quotations of the articles respectively sold at said exchanges and transmitting them by means of instruments, which are patented inventions belonging to the plaintiff, immediately and simultaneously to customers with whom they have entered into contracts for that special purpose, and who are principally and almost exclusively members of said exchanges.

The defendants made application to the plaintiffs to secure the transmission of such messages in which they succeeded, and upon stipulations contained in the agreement, of which the following is a copy:

Form 118.                                                                                                    No.

THE GOLD AND STOCK TELEGRAPH COMPANY,   }
GENERAL OFFICES, WESTERN UNION BUILDING, N. Y.  }

## CONDITIONS.

This company will furnish to its subscribers as correct gold, stock, cotton and produce quotations and general commercial news reports, as it can obtain by the employment of experienced

reporters, but it will not be pecuniarily responsible for the accuracy of the same, nor for omissions in the service.

These reports are furnished to subscribers for their private use in their own business exclusively. It is expressly stipulated that such subscribers will not sell nor give away copies of the reports, in whole or in part, nor permit any outside party to copy them for use or publication; under this rule the subscription by one party, for the benefit of himself and others, at their joint expense, will not be received. The company reserves the right to discontinue the delivery of the reports to any party taking them for any public or outside use, or when they are made use of in any manner detrimental to its interests.

It is understood that the service terminates only at the expiration of any calendar month. If discontinued during the month for the convenience of the applicant, the full month's charges will be payable by him.

———, 187 .

*To " The Gold and Stock Telegraph Company :"*

You will please connect          office No.          in telegraphic circuit, by one of the          reporting instruments of your company          hereby agree to pay          dollars          per calendar month, for use of instruments and reports under the company's conditions.

This agreement to be binding     .     months from the date hereof and thereafter, until canceled by one month's notice, unless by special agreement indorsed hereon.

Accepted.

———————————,

*Secretary.*

Progressive No.     .

The plaintiffs charge the defendants with having violated the conditions and stipulations contained in the application and agreement, by not limiting the use of the reports and messages to their own business exclusively, and by exposing and giving them away to large numbers of persons not subscribers of the plaintiff, and by selling and giving away copies of the reports, and permitting outside parties to copy them for use and publication, and in various

ways applying them to public and outside uses. The plaintiffs also charge substantially that the use made of these quotations was for gambling purposes, the details of which it is not necessary to consider in disposing of this appeal.

Various litigations and controversies have sprung up in reference to this subject, and it appears that, in the case of *Kelly* v. *The Gold and Stock Telegraph Co.*, the right of the plaintiffs to prevent such violation was passed upon and determined in their favor by Donohue, J., and in the action which the defendants brought against the plaintiff, in reference to the subject, this right was again maintained by the decision of Justice Lawrence.

The counsel for the appellants have presented, in a very elaborate brief, their views upon the numerous questions which they deemed it necessary to consider as bearing upon the main question involved in this controversy. We have examined it with great care, but we think that the right of the plaintiff to maintain this action and the injunction is determined by the character of the agreement, under which it stipulated to furnish and the defendants agreed to receive the messages contemplated by its provisions.

The organization of the company was for the private transmission of messages to subscribers only, and that object was kept in view in making the contract which was made and existed between it and the defendants. It may not be improper here to observe that if the defendants were allowed to make public use of the messages received by them, notwithstanding the provisions of the contract mentioned, the object and design of the company might be destroyed, because the defendants might establish a system by which, having received the messages, they could transmit them to various parts of the city of New York. Without reference to that, however, and regarding the question as one resting upon contract, we think that the injunction was properly granted and justly continued.

We do not think that under the statute of 1848, to which reference has been made, there rests upon the plaintiffs any public obligation to transmit, under their organization for public purposes, the information which they contemplated sending to their subscribers. They were organized for private transmissions; in other words, for sending to persons, with whom they contracted

for that purpose, messages and reports, and not for the transmission of messages for the public in general.

For these reasons, and without any more extended observations, we think the order appealed from must be affirmed.

Present — Brady, P. J., and Potter, J.

Order affirmed.